DECISION AND JUDGMENT ENTRY
{¶ 1} James Elliott ("Appellant") appeals the judgment of the Ross County Court of Common Pleas finding him guilty of rape in violation of R.C. 2907.02. He argues that he was denied the effective assistance of counsel because the State of Ohio ("Appellee") failed to prove venue beyond a reasonable doubt and because his trial counsel did not move for an acquittal pursuant to Crim. R. 29 at the close of the Appellee's case. Because we find that venue was established beyond a reasonable doubt in the proceedings below, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} The Appellant was indicted by a Ross County Grand Jury on June 6, 2006 on one count of rape, with the victim being under the age of ten at the time of the offense, in violation of R.C. 2907.02, a felony of the first degree with a mandatory life sentence. The Appellant entered a plea of not guilty to the charge, and a trial on the matter took place in the Ross County Court of Common Pleas on August 28, 2006. The jury found the Appellant guilty of the charge. On September 8, 2006, the trial court found that the Appellant was a sexually-oriented offender, and sentenced him to life in prison. The Appellant now appeals the jury's verdict, asserting the following assignment of error:
 {¶ 3} 1. MR. ELLIOTT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE STATE FAILED TO PROVE VENUE BEYOND A REASONABLE DOUBT AND DEFENSE COUNSEL NEGLECTED TO MOVE FOR AN ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AT THE CLOSE OF THE STATE'S CASE.
 {¶ 4} The Appellant contends that he was denied the effective assistance of counsel when (1) the Appellee failed to prove venue beyond a reasonable doubt; and (2) his trial counsel neglected to move for an acquittal pursuant to CrimR. 29 at the close of the Appellee's case. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's *Page 3 
performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Second, Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, 538 N.E.2d 373.
 {¶ 5} Appellant grounds his ineffective assistance argument on the fact that his counsel below did not object to the Appellee's failure to establish venue beyond a reasonable doubt. The essence of venue is that at least one element of the offense charged occurred within the county in which the defendant is tried. R.C. 2901.12(A). In all criminal prosecutions, venue is a fact that must be proven at trial unless waived. State v. Beuke (1988), 38 Ohio St.3d 29, 41, 526 N.E.2d 274. It is not necessary that the venue of a crime be proven in express terms if it is established beyond a reasonable doubt that the crime was committed in the county and state as alleged in the indictment. State v.Dickerson (1907), 77 Ohio St. 34, 82 N.E. 969, syllabus. Venue is not a material element of the offense charged because the *Page 4 
elements of the offense and the venue of the matter are separate and distinct. State v. Draggo (1981), 65 Ohio St.2d 88, 90, 418 N.E.2d 1343.
 {¶ 6} The right to urge the error that the prosecution did not properly prove venue cannot be advanced for the first time in an appellate court. State v. Loucks (1971), 28 Ohio App.2d 77, 78,274 N.E.2d 773. However, failure to prove venue is a defect affecting a substantial right and is subject to review under the plain error doctrine. State v. Woodson (Feb. 11, 1998), Ross App. No. 97CA2306,1998 WL 51606, at * 3.
 {¶ 7} Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Phillips (1995),74 Ohio St.3d 72, 80, 656 NE.2d 643, citing State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Under a plain error analysis, reversal is warranted only when the outcome of the trial clearly would have been different without the error. Long, supra.
 {¶ 8} In the case sub judice, there was no error during the Appellant's trial that clearly affected the outcome of the case. At trial, the victim testified that the acts of rape took place at the residence where she lived with her father and the Appellant, located in Greenfield, Ohio. The investigating detective testified that he interviewed the Appellant at the Appellant's *Page 5 
residence located at 728 State Route 28, which is in Greenfield, Ohio, and Ross County, Ohio. The detective also testified that he was employed by the Ross County Sheriffs Office, and that one of his primary duties it to investigate claims of sexual abuse within Ross County. Further, there was no evidence introduced at trial which would lead any reasonable trier of fact to the conclusion that the Appellant had changed his residence between the time of the alleged sexual assault and the September 2005 interview conducted by the investigator. Viewing this evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found that the acts of rape the victim alleged took place in Ross County. Thus, venue in the case sub judice was proper.
 {¶ 9} Because we find that venue was properly established below, we see no error in the Appellant's trial counsel's failure to submit a Crim. R. 29 motion based on the Appellee's failure to prove the same. Accordingly, we overrule the Appellant's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Harsha J., Concurring in Judgment Only:
 {¶ 10} Appellant contends the State failed to prove venue and defense counsel's failure to seek an acquittal resulted in ineffective assistance. He *Page 6 
asks us to take judicial notice of the fact that Greenfield, Ohio, is in Highland County.
 {¶ 11} Evid. R. 201 controls the taking of judicial notice of adjudicative facts, i.e., the facts of the case. The rule provides that "Judicial notice may be taken at any stage in the proceedings. Evid. R. 201(F). When requested by a party who supplies the necessary information, a court must take judicial notice; a court may take judicial notice even when there is no request to do so. Evid. R. 201(D)(C) respectively. In order to take judicial notice, the court must conclude the fact at issue is not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the court or it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Evid. R. 201(B).
 {¶ 12} Here, the appellant has requested that we take judicial notice of the location of Greenfield, Ohio. Likewise, we have the discretion to do so in the interests of justice and the express provisions of the rule.
 {¶ 13} Appellant urges us to use two websites to conclude that the city of Greenfield is located in Highland County. However, his general reference to the location of the town is not dispositive where, in a situation like ours, one of the witnesses has indicated the exact address of the incident at the time in question. Wayne Dillon testified that he resided with James Elliott *Page 7 
between May of 2003 and December of 2004 at 728 State Route 28 East. This coincides with the time period during which the State alleges the sexual misconduct took place. A search of www.mapquest.com/maps for that address produces a graphic indicating it is located in Ross County, Ohio, just east of the town of Greenfield. The map also indicates the address of 728 State Route 28 East, Greenfield, Ohio, is located between State Route 41 to the west and Blain Lane, (Ross County Road 62) to the east. The official Ross County, Ohio map (2005 Ed.), prepared by Ross County Engineer, Don E. Carnes, P.E., P.S., clearly shows the intersections of both State Route 41/State Route 28 and Blain Lane/State Route 28 to be in Ross County, Ohio, about ½ mile to the east of the Highland County line. Thus, the reference to Greenfield is a mailing address, not a geographical one.
 {¶ 14} Geographical facts are subject to judicial notice under the accurately and readily determinable provision of the rule. This category includes references to boundaries of the state, and its political subdivisions. See Giannelli Snyder, Baldwin's Ohio Practice, Evidence (2nd Ed.), Section 201.6. Because the source itself need not be admissible, the court may use any source that it finds to be authoritative and reliable. Id. Accordingly, the Mapquest website and the official Ross County map satisfy the requirement that their accuracy is not reasonably questionable. See Id., *Page 8 
citing Village of Potsdem v. Wiedenheft, Miami App. No. 97CA63,1998 WL 543692, approving the use of an aerial map made for the county auditor's office.
 {¶ 15} Because we can take judicial notice that the location of residence where the sexual conduct occurred is indisputably in Ross County, Ohio, the State has satisfied its burden of proof beyond a reasonable doubt. Thus, to the extent trial counsel had a duty to move for an acquittal on the basis of venue, that failure was not prejudicial to the appellant. There was no ineffective assistance of counsel.
 {¶ 16} Accordingly, I concur in judgment only. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J.: Concurs in Judgment Only with Opinion.
 Abele, J.: Concurs in Judgment Only. *Page 1