DECISION AND JUDGMENT ENTRY
{¶ 1} William Tackett appeals his sixty-six convictions for pandering sexually oriented material involving a minor, second degree felonies, in violation of R.C. 2907.322(A)(6), which in pertinent part states, "[n]o person, with knowledge of the character of the material or performance involved, shall * * * [b]ring or cause to be brought into this state any material that shows a minor participating or engaging in sexual activity [and/or] masturbation[.]" On appeal, Tackett contends that his trial counsel denied him effective assistance when he failed to move for a dismissal of the indictment pursuant to State v. Tooley Portage App. No. 2004-P-0064, 2005-Ohio-6709. Because the Supreme Court of Ohio has since reversed the holding in Tooley, and because the Tooley decision was a minority view in the state at the time, we disagree. Tackett next contends that the prosecutor's statements during closing arguments *Page 2 
denied him of his right to a fair trial. Because the prosecutor's statements referenced community standards, which are fair comment, and because an overwhelming amount of evidence supports the jury's verdicts aside from the allegedly improper remarks, we disagree. Tackett next contends that his counsel denied him effective assistance when he failed to move for an acquittal on counts twenty-one and twenty-three of the indictment because the state did not present any evidence that the alleged offenses took place on the dates set forth in the indictments. Because the state informed Tackett through discovery of the correct dates, because Crim.R. 7(D) allows a trial court to amend an indictment anytime during or after trial in order to conform to the evidence presented at trial, provided no change is made in the identity or name of the crime charged, and because this court has held that amendments that change "only the date on which the offense occurred * * * [do] not charge a new or different offense, nor * * * change the substance of the offense[,]" we disagree. Accordingly, we overrule all three of Tackett's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} Tackett worked at Big Sandy Furniture Company as a television repairman. In October 2005, an employee of Big Sandy noticed one evening that a shareware software program was downloading files onto Tackett's work computer. After looking at the file names of the downloaded files, the employee realized that the files involved child pornography. The employee informed a supervisor at Big Sandy's and the next day Big Sandy laid off Tackett pending an investigation. Eventually, Big Sandy told *Page 3 
Tackett that he could either resign his position at the company or be terminated. Tackett chose to resign.
 {¶ 3} Big Sandy immediately informed the police about the files, and the police seized the computer soon thereafter. As a result of the police investigation, a grand jury indicted Tackett on sixty-six (66) counts of pandering sexually oriented material involving a minor, second degree felonies, in violation of R.C. 2907.322(A)(6). Tackett entered not guilty pleas. He moved to suppress evidence taken from his seized work computer on the grounds that law enforcement tampered with the computer, and thus, the condition of the computer changed from the date of seizure. The court overruled his motion. Tackett also moved the court to dismiss thirty-seven (37) counts on the ground that the indictment did not give Tackett sufficient notice of the dates of those offenses. The court overruled this motion as well.
 {¶ 4} Approximately twenty days before trial, the state then submitted supplemental discovery responses wherein it set forth specific information with regard to each of the counts in the indictment, such as the date each file was created on the computer, the last date each file was last written, and the last date someone accessed each file. With regard to counts twenty-one and twenty-three of the indictment, the state set forth in the discovery the alleged offense dates, which differed from the dates in the indictment.
 {¶ 5} The case proceeded to a jury trial. After the conclusion of the trial and closing arguments of counsel, the court instructed the jury on the law. The court instructed the jury, in part, that "evidence is the testimony received from the witnesses, the exhibits admitted during trial, and the facts which the court required you to accept as true." The *Page 4 
court further instructed that "[t]he opening statements and the closing arguments of counsel are designed to assist you, but they are not evidence." The court admonished the jury to "not be influence[d] by any consideration of sympathy or prejudice."
 {¶ 6} The jury rendered guilty verdicts for all sixty-six counts. The court sentenced Tackett accordingly.
 {¶ 7} Tackett appeals and asserts the following three assignments of error: I. "MR. TACKETT WAS DENIED HIS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO MOVE [TO] DISMISS THE INDICTMENT ON THE BASIS THAT PROSECUTION OF THE CHARGES WAS IN VIOLATION OF THE FIRST AMENDMENT[.]" II. "MR. TACKETT WAS DENIED HIS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS TO A FAIR TRIAL WHEN THE PROSECUTING ATTORNEY MADE IMPROPER PREJUDICIAL REMARKS DURING CLOSING ARGUMENTS[.]" And, III. "MR. TACKETT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE STATE FAILED [TO] PROVIDE SUFFICIENT EVIDENCE ON TWO COUNTS OF THE INDICTMENT, THE CONVICTIONS ON THESE COUNTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND DEFENSE COUNSEL NEGLECTED TO MOVE FOR AN ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AT THE CLOSE OF THE STATE'S CASE."
 II. *Page 5 {¶ 8} We consider Tackett's first and third assignments of error together. Tackett contends that his trial counsel denied him effective assistance when he failed to move: (1) to dismiss the indictment because R.C. 2907.322 is overbroad in its application; and (2) for an acquittal on counts twenty-one and twenty-three because the state did not produce any evidence regarding the dates set forth in the indictment.
 {¶ 9} "In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness."State v. Wright, Washington App. No. 00CA39, 2001-Ohio-2473, citingState v. Hamblin (1988), 37 Ohio St.3d 153, cert. den. (1988),488 U.S. 975; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. The United States Supreme Court holds that "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." Strickland v. Washington (1984), 466 U.S. 668, 684.
 {¶ 10} "[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id. at 685. As this court has stated, "effective counsel is one who `plays the role necessary to ensure that the trial is fair.'" Wright, citing Strickland at 685. Therefore, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., citing Strickland at 685-86.
 {¶ 11} In showing that an attorney's assistance was ineffective, Tackett must show two things: (1) "that counsel's performance was deficient * * *" which "requires showing *Page 6 
that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland at 687. If a defendant fails to make both showings, "it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Id. Further, "[counsel's performance is deficient if it falls below an objective standard of reasonable representation." Wright, citing State v.Murphy (2001), 91 Ohio St.3d 516; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 12} This court "when addressing an ineffective assistance of counsel claim, should not consider what, in hindsight, may have been a more appropriate course of action." Id., citing State v. Phillips
(1995), 74 Ohio St.3d 72. Instead, this court "must be highly deferential." Id., citing Strickland at 689. Further, "a reviewing court: `must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id., citing Strickland at 689.
 A. {¶ 13} In his first assignment of error, Tackett contends that he was denied his right to the effective assistance of counsel because his attorney failed to follow State v. Tooley, Portage App. No. 2004-P-0064,2005-Ohio-6709 and move to dismiss the indictment on the ground that R.C. 2907.322 violated the First Amendment of the United *Page 7 
States Constitution. Specifically, Tackett argues that R.C. 2907.332(B)(3) "permits the trier of fact to `infer that a person in the material or performance involved is a minor if the material or performance through its title, text visual representation or otherwise, represents or depicts the person as a minor,'" and that such a provision is unconstitutional because it "fails to distinguish between virtual child pornography-protected speech — and `real child pornography.'"Tooley, supra.
 {¶ 14} In Tooley, the Eleventh District Court of Appeals held that the inference created by R.C. 2907.332(B)(3), which permits a fact finder "to `infer' that a person is a minor if the material `represents or depicts the person as a minor[,]' necessarily includes "virtual child pornography * * *, by definition" because virtual child pornography is "designed to depict and represent certain images as minors engaged in sexual activity." Id. at ¶ 52. Therefore, the Eleventh District held that such an inference was "the exact approach that is prohibited by the United States Supreme Court" in Aschcroft v. Free Speech Coalition
(2002), 535 U.S. 234, and therefore, unconstitutional. Id. at ¶ 53.
 {¶ 15} However, during the pendency of this appeal, the Supreme Court of Ohio reversed and remanded the Eleventh District's judgment inTooley. State v. Tooley, 114 Ohio St.3d 366, 2007-Ohio-3698. It held that R.C. 2907.322 is not "overbroad". Id. at ¶ 2. Specifically, it held that "[t]he permissive inference of R.C. 2907.322(B)(3) does not render R.C. 2907.32(A)(5) unconstitutionally overbroad by equating virtual child pornography, which is protected expression under the First Amendment, with pornography that involves real children, which is not protected." Id. at paragraph one of syllabus, citing Ashcroft v. FreeSpeech Coalition (2002), 535 U.S. 234. "The state *Page 8 
must prove all elements beyond a reasonable doubt, including that a real child is depicted, to support a conviction for possession of child pornography under * * * R.C. 2907.322 * * *."
 {¶ 16} Further, even before the Supreme Court of Ohio issued its decision in Tooley on July 25, 2007, other Ohio appellate districts rejected Tackett's contention, and held "that R.C. 2907.322(A)(1) is not unconstitutionally overbroad." See State v. Huffman,165 Ohio App.3d 518, 2006-Ohio-1106, ¶ 28 (stating that it was "persuaded by the reasoning of the Ninth Appellate District in State v. Morris [Wayne App. No. 04CA0036, 2005-Ohio-599], in which the court rejected an overbreath challenge to R.C. 2907.322.").
 {¶ 17} Therefore, trial counsel's failure to contest the constitutionality of R.C. 2907.322, and move to dismiss the indictment as a result, was not so eggregious that it can be said that counsel was not functioning as the counsel required by the Sixth Amendment. In fact, the law as set forth by the Eleventh District was a minority view on the issue of the constitutionality of R.C. 2907.322, as acknowledged by the Eleventh District itself. Tooley at ¶¶ 49-62. Further, even assuming that trial counsel's actions were deficient, it cannot be said that Tackett was denied a fair trial in light of the Supreme Court of Ohio's recent ruling in Tooley, wherein, it overruled the Eleventh District's minority view.
 {¶ 18} In conclusion, we find that Tackett's counsel's performance at trial was not deficient and did not prejudice Tackett. Consequently, Tackett's counsel did not deny him effective assistance. *Page 9 
 {¶ 19} Accordingly, we overrule Tackett's first assignment of error.
 B. {¶ 20} Tackett contends in his third assignment of error that his trial counsel denied him effective assistance when he failed to move for an acquittal on counts twenty-one (21) and twenty-three (23) of the indictment. Tackett claims that the court should have acquitted him on those two counts because the dates set forth in the indictment were after the state seized the computer and he had no access to it.
 {¶ 21} As this court noted, "neither an indictment nor a bill of particulars is required to set forth a date when a specified date is not an element of the offense." State v. Stepp (1997), 117 Ohio App.3d 561,565, citing Crim.R. 7(B) and (E); R.C. 2941.08(B)(C); State v.Lawrinson (1990), 49 Ohio St.3d 238. The Supreme Court of Ohio stated that, "where the inability to produce a specific time or date when the criminal conduct occurred is, as would be the more typical case, without material detriment to the preparation of a defense, the omission is without prejudice and without constitutional consequence." State v.Sellards (1985), 17 Ohio St.3d 169; see, also, State v. Barnecut (1988),44 Ohio App.3d 149, 151.
 {¶ 22} Further, R.C. 2941.08(C) provides that "[a]n indictment or information is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected * * * [f]or stating the time imperfectly." In fact, "[a]n indictment or information is sufficient if it can be understood therefrom * * * [t]hat the offense was committed at some time prior to the time of finding of the indictment or filing of the information." R.C. 2941.03(E). "Thus, failure to provide dates in an indictment does not, of itself, provide a *Page 10 
basis for dismissal of the charges. Rather, securing such specificity of detail, where necessary or desirable, falls more appropriately to the bill of particulars." 29 Ohio Jur. 3d Criminal Law § 2375, citingState v. Gingell (1982), 7 Ohio App.3d 364; State v. Collett (1944), 44 Ohio L. Abs. 225.
 {¶ 23} "Ohio Crim.R. 7(D) allows a trial court to amend an indictment anytime during or after trial in order to conform to the evidence presented at trial, provided no change is made in the identity or name of the crime charged." State v. Quivey, Meigs App. No. 04CA8,2005-Ohio-5540, ¶ 28.[1] This court has held that amendments that change "only the date on which the offense occurred * * * [do] not charge a new or different offense, nor * * * change the substance of the offense." Id.
 {¶ 24} Here, the state set forth the wrong dates in the indictment. However, the state informed Tackett of the correct dates for the offenses several weeks before trial through the state's supplemental discovery responses. Therefore, we find that Tackett's counsel's performance at trial was not deficient and did not prejudice Tackett. Consequently, Tackett's counsel did not deny him effective assistance.
 {para; 25} Accordingly, we overrule Tackett's third assignment of error.
 III. {¶ 26} Tackett contends in his second assignment of error that the prosecutor denied him his right to a fair trial by making improper and prejudicial remarks in closing arguments. He maintains that the remarks "were clearly inflammatory and appealed to *Page 11 
the jury's sense of outrage[,]" in that the prosecutor urged the jurors to convict Tackett "`to protect community values' and `deter future lawbreaking.'"
 {¶ 27} In closing arguments, the prosecutor stated:
 What's this about folks? Poor guy is just sitting at his desk, [and] his computer goes crazy. Is that what this is about?
 Let me tell you what this is about. Think to the first video that was up there, that little Philippine, 11 year old Philippine girl. What's the first line of that movie clip? The guy with the black ski mask says "are you sure you wanna do this", and she says "yes", or nods her head yes and smiles. Like she had a choice. He picks her up and throws her on the bed and then they do what they're gonna do. In the film you can see — you can see someone's telling her what to do. No, is she a volunteer? "Sure you wanna do this"? "Sure, I'm an 11 year old, this is what I wanna do". Are we to believe that she wanted that? What about the three year olds? What about the six year olds? What about the others in the 66 counts? They wanna do that? What's wrong with this stuff? The thing that's wrong with it is that those are real children in there. Those are children from around the world and they are enslaved to do what they're gonna do. What's wrong with that? Once again in our history we provide the market for the international slave trade. These kids are slaves and we provide the market for it. And why do we do it? We do it to satisfy our basis [sic] lusts. You know what the crime here is; that we are the market. We make a lucrative market for pornography and the trade is on the bodies and soles [sic] of the kids that you see in those films.
 Any other explanation, we have to question our humanity about this. The crime is that the defendant is bringing that in to our community and providing a market for that; providing a place for the exploitation of these children; participating in the destruction of the bodies and soles [sic] of those children. (Emphasis added.)
 {¶ 28} Tackett failed to object to the prosecutor's remarks. Thus, he waived all but plain error. *Page 12 
 {¶ 29} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although a defendant failed to bring them to the attention of the trial court. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 30} This court "may invoke the plain error rule only if we find (1) that the prosecutor's comments denied appellant a fair trial, (2) that the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice." State v. McGee, Washington App. No. 05CA60, 2007-Ohio-426, ¶ 15, citing Long, supra; State v. Bush (1994), 97 Ohio App.3d 20.
 {¶ 31} Prosecutors are "given wide latitude to convincingly advance its strongest arguments and positions" during closing arguments.Wellston v. Horsley, Jackson App. No. 05CA18, 2006-Ohio-4386, at ¶ 21, citing State v. Phillips (1995), 74 Ohio St.3d 72; Treesh,90 Ohio St.3d at 466. However, prosecutors "must be diligent in their efforts to stay within the boundaries of acceptable argument and must refrain from the desire to make outlandish remarks, misstate evidence, or confuse legal concepts." Id., citing State v. Fears (1999), 86 Ohio St.3d 329. The Supreme Court of Ohio has held that "[a] request that the jury maintain community standards is not equivalent to the exhortation that the jury succumb to public demand." State v. Lorraine (1993), 66 Ohio St.3d 414,419-420, citing State v. Williams (1986), 23 Ohio St.3d 16; see, also,State v. Edgington, Ross App No. 05CA2866, 2006-Ohio-3712, ¶ 25. *Page 13 
 {¶ 32} Here, we find that the prosecutor did not commit any error, let alone plain error. At the end of the statements, it is apparent that the prosecutor is referring to "community standards." In fact, the prosecutor uses the word "community." Statements about community standards are fair comment. See Lorraine at 419-420.
 {¶ 33} However, even if we assume error, we still would not find plain error. "The plain error doctrine permits correction of judicial proceedings only when error is clearly apparent on the face of the record and is prejudicial to appellant." McGee at ¶ 15.
 {¶ 34} When determining if prejudice resulted from such misconduct, we must consider "whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant."Wellston at ¶ 18, citing State v. Hartman (2001), 93 Ohio St.3d 274; quoting State v. Hessler (2000), 90 Ohio St.3d 108, and State v.Smith (1984), 14 Ohio St.3d 13. "To establish prejudice, an accused must show that a reasonable probability exists that, but for the prosecutor's improper remarks, the result of the proceeding would have been different." Id., citing State v. Loza (1994), 71 Ohio St.3d 61. This court will look to "the prosecution's closing argument in its entirety to determine whether the remarks prejudiced the defendant." Id., citingState v. Treesh (2001), 90 Ohio St.3d 460; State v. Keenan (1993),66 Ohio St.3d 402.
 {¶ 35} Here, we find that any prosecutorial misconduct is harmless. The evidence is so overwhelming that the prosecutor's statements, even if error, do not amount to prejudicial error. See, e.g., id. The undisputed evidence shows that the state found child pornography on Tackett's work computer. Tackett acknowledged that the state *Page 14 
found such material on his work computer. Tackett's expert admitted that he only found a virus on the work computer, not a worm or Trojan placed by hackers to download the child pornography.
 {¶ 36} As such, we find that an overwhelming amount of evidence supports the jury's verdicts aside from the allegedly improper remarks made by the prosecutor during closing arguments. In addition, the trial court instructed the jury that closing arguments are not evidence and that they should "not be influence[d] by any consideration of sympathy or prejudice."
 {¶ 37} Therefore, we find that Tackett failed to show that (1) the prosecutor's comments denied him of a fair trial, (2) the circumstances in his case are exceptional, and (3) reversal of the judgment below is necessary to prevent a miscarriage of justice. Consequently, even if we assume error, we find that such error is not plain error.
 {¶ 38} Accordingly, we overrule Tackett's second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 15 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion as to Assignments of Error
I and II; Concurs in Judgment Only as to Assignment of Error III.
Abele, J.: Concurs in Judgment and Opinion as to Assignments of Error I and III; Concurs in Judgment Only as to Assignment of Error II.
[1] At least one Ohio court, however, held that where the state presents "no evidence * * * that the alleged offenses occurred within the bracketed time frames specified in the indictment, the counts in the indictment relating to those offenses should be dismissed." State v.Barnecut (1988), 44 Ohio App.3d 149, 153. *Page 1