DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. A jury found Jerone McDougald, defendant below and appellant herein, guilty of (1) drug possession in violation of R.C. 2925.11(C)(4)(e); (2) trafficking in violation of R.C.2925.03(A)(1)/(C)(4)(f); (3) possession of criminal tools in violation of R.C. 2923.24(A)/(C); and (4) having a weapon while under disability in violation of R.C. 2923.13(A)(3).
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "THE TRIAL COURT ERRED IN VIOLATION OF THE DEFENDANT'S RIGHTS UNDER THE FEDERAL AND STATE CONSTITUTIONS WHEN IT SENTENCED THE DEFENDANT TO CONSECUTIVE SENTENCES ON ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF R.C. 2941.25"
 SECOND ASSIGNMENT OF ERROR:
 "MR. McDOUGALD WAS DENIED HIS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS TO A FAIR TRIAL WHEN THE PROSECUTING ATTORNEYS MADE CUMULATIVE IMPROPER AND PREJUDICIAL REMARKS DURING CLOSING ARGUMENTS."
 THIRD ASSIGNMENT OF ERROR:
 "MR. McDOUGALD'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW WERE VIOLATED WHEN HIS CONVICTIONS ON ALL COUNTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} On December 18, 2006, authorities searched the premises at 1119 Seventeenth Street in Portsmouth and found crack cocaine, money, digital scales and a pistol. The two occupants of the residence, Kendra White and appellant, were arrested at the scene.
 {¶ 4} Subsequently, the Scioto County Grand Jury returned an indictment charging appellant with drug possession, drug trafficking, possession of criminal tools and the possession of a firearm while under disability. Appellant pled not guilty to all charges.
 {¶ 5} At the jury trial Kendra White testified that appellant used her home to sell crack cocaine and that she also sold drugs on his behalf as well. Further, White testified that the digital scales belonged to appellant and, although the pistol belonged *Page 3 
to her ex-boyfriend who was then incarcerated, appellant asked her to bring it inside the home so that he would feel more secure.[1] White confirmed that she saw appellant at the premises with the gun on his person.
 {¶ 6} Jessee Dixon and Melinda Elrod both testified that they purchased crack cocaine from appellant at the residence. Shawna Lattimore testified that she served as a "middleman" for appellant's drug operation and also helped him transport drugs from Dayton. She testified that she also saw appellant carry the pistol.
 {¶ 7} The jury returned guilty verdicts on all counts. The trial court sentenced appellant to serve five years on the possession count, nine years for trafficking, one year for the possession of criminal tools and five years for the possession of a firearm while under disability. The court ordered the sentences to be served consecutively for a total of twenty years imprisonment. This appeal followed.
 I {¶ 8} We first consider, out of order, appellant's third assignment of error wherein he asserts that his convictions are against the manifest weight of the evidence. In particular, appellant argues that the only evidence to link him to the drugs, scales and weapon found at the premises is the testimony of admitted drug addicts and convicted felons. Appellant invites us to conclude that such evidence is not credible as a matter of law. We decline appellant's invitation.
 {¶ 9} In reviewing claims that verdicts are against the manifest weight of the *Page 4 
evidence, reviewing courts will not reverse the convictions unless the trier of fact clearly lost its way and created such a manifest miscarriage of justice the conviction must be reversed and a new trial ordered. State v. Earle (1997), 120 Ohio App.3d 457, 473,698 N.E.2d 440; State v. Garrow (1995), 103 Ohio App.3d 368, 370-371,659 N.E.2d 814. Moreover, the weight of evidence and witness credibility are issues that the trier of fact must decide. See State v. Dye (1998),82 Ohio St.3d 323, 329, 695 N.E.2d 763; State v. Ballew (1996),76 Ohio St.3d 244, 249, 667 N.E.2d 369. Generally, a jury, sitting as the trier of fact, is in the best position to view the witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations to weigh credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610,615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Appellate courts are, thus, very circumspect about second guessing issues of evidentiary weight and witness credibility. See State v. Vance, Athens App. No. 03CA27, 2004-Ohio-5370, at ¶ 10; State v. Bowers, Hocking App. No. 06CA7, 2007-Ohio-3986, at ¶ 40. We emphasize that a trier of fact is free to believe all, part or none of the testimony of each witness. State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Caldwell (1992),79 Ohio App.3d 667, 679, 607 N.E.2d 1096.
 {¶ 10} In the case sub judice, appellant's trial counsel skillfully cross-examined the prosecution's witnesses as to their statuses as drug addicts and convicted felons. Counsel also drew attention to the fact that some of the witnesses may actually benefit from the testimony that they gave. That evidence notwithstanding, the jury obviously chose to believe the prosecution's version of the events. Because the jury was in a better position to view those witnesses and determine witness credibility, we will not second-guess them on these issues. *Page 5 
 {¶ 11} For these reasons, we hereby overrule appellant's third assignment of error.
 II {¶ 12} We now turn to appellant's first assignment of error which posits that the trial court erred in sentencing appellant to consecutive sentences for possession and trafficking because they are allied offenses under R.C. 2941.25. We disagree.
 {¶ 13} As appellee aptly notes, we addressed this issue in State v.McGhee, Lawrence App. No. 04CA15, 2005-Ohio-1585, at ¶ 15, and concluded that possession of crack cocaine and trafficking crack cocaine are not allied offenses for purposes of R.C. 2941.25. Appellant acknowledges our ruling in McGhee, but, requests that we delay our decision until the Ohio Supreme Court rules on this issue.[2] We decline to do so, however. Assuming, arguendo, that our decision in McGhee is erroneous, appellant should pursue a further appeal with the Ohio Supreme Court. Our task is to decide cases before us and McGhee is the law in this district until it is overturned by the Supreme Court or by this court.
 {¶ 14} Thus, for the reasons set out in McGhee, we find no merit in appellant's first assignment of error and it is hereby overruled.
 III {¶ 15} Appellant's second assignment of error asserts that the prosecutor made numerous comments during closing argument that, in effect, denied him a fair trial. We disagree. *Page 6 
 {¶ 16} Initially, we note that our review of the transcript reveals that appellant did not object to the allegedly improper comments that he now cites. Thus, appellant has waived all but plain error. SeeState v. Tackett, Scioto App. No. 06CA3103, 2007-Ohio-6620, at ¶ 28;State v. Miller, Washington App. No. 06CA11, 2007-Ohio-427, at ¶ 23. Notice of plain error must be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240; State v. Hill (2001), 92 Ohio St.3d 191, 196, 749 N.E.2d 274. Moreover, the plain error rule should not be invoked unless, but for the error, the outcome would have been different. See State v. Jackson
(2001), 92 Ohio St.3d 436, 438, 751 N.E.2d 946; State v. Sanders (2001),92 Ohio St.3d 245, 263, 750 N.E.2d 90. In light of the fact that several witnesses identified appellant as having trafficked cocaine from the premises, and considering that Kendra White linked appellant to both the firearm and to the digital scales, we are not persuaded the outcome of this case would have been different if appellant had objected to any of the prosecutor's allegedly improper remarks.
 {¶ 17} Waiver aside, however, appellant has not persuaded us that the remarks were improper. The standard for prosecutorial misconduct is whether a prosecutor's remarks are improper and, if so, whether those remarks prejudicially affected an accused's substantial rights.State v. Smith (2000), 87 Ohio St.3d 424, 442, 721 N.E.2d 93; State v.Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. The touchstone of the analysis is fairness of the trial, rather than the prosecutor's culpability. State v. Drummond, 111 Ohio St.3d 14, 854 N.E.2d 1038,2006-Ohio-5084, at ¶ 226; State v. Jackson, 107 Ohio St.3d 300,839 N.E.2d 362, 2006-Ohio-1, at ¶ 142.
 {¶ 18} Courts should not deem a trial unfair if, in the context of the entire trial, it *Page 7 
appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. State v.Skatzes, 104 Ohio St.3d 195, 819 N.E.2d 215, 2004-Ohio-6391, at ¶ 181. Moreover, prosecutors are given wide latitude during closing arguments to advance their arguments and positions. See State v.Phillips (1995), 74 Ohio St.3d 72, 90, 656 N.E.2d 643; State v.Treesh (2001), 90 Ohio St.3d 460, 466, 739 N.E.2d 749.
 {¶ 19} After considering the allegedly improper statements that appellant contends appellee made during closing argument, we believe that the only one with any possible merit is his claim that the prosecutor criticized him for the "exercise of his constitutional rights," including his "right to counsel and trial by jury." If this were the case, we would find it very troubling. However, our review of the transcripts reveals a different view than the view appellant espouses. Appellant singles out one sentence at the conclusion of a paragraph delivered as part of the rebuttal argument. The sentence, however, must be taken in context of the entire closing argument. As any skilled defense counsel would have done, appellant's trial attorney attacked the credibility of the appellee's witnesses who identified appellant as a drug dealer by pointing to their drug addictions, their felony convictions and that they may have benefitted from their testimony against appellant. Appellee then attempted to rehabilitate the witnesses on rebuttal:
 "What evidence was there that Kendra White was telling a lie because she wanted to plea — four years plea bargain? Great deal. You know, its easy to stand up here and accuse others of things and divert the attention away from the Defendant. Defend the Defendant's rights, and that's what they're here to do, to trump the rights of others." (Emphasis added.)
Rather than construe this statement as criticism of appellant's exercise of his right to a *Page 8 
jury trial, we interpret this statement as simply an attack on the credibility of the appellee's witnesses, which is an acceptable argument during rebuttal.
 {¶ 20} Appellant also objects to the prosecution's comments that tended to portray the witnesses as "victims" of his drug trafficking and that this unfairly incited the jury's sympathy. We disagree. Several witnesses testified that they are drug addicts, that they obtained drugs from appellant to feed their addiction, and that they helped appellant sell drugs in Portsmouth and transport drugs into the city. Melinda Elrod even related that she prostituted herself to make money to purchase the drugs that she used. Characterizing these individuals as victims of appellant's activities is an acceptable way to rebut the defense tactic of casting aspersions on them as drug addicts and criminals who should not be believed.
 {¶ 21} Appellant also cites the prosecutor's comments that appellant sold cocaine "all over" the community when no evidence existed that he sold drugs to everyone in town or established a market for crack cocaine in Portsmouth. We believe that appellant takes those remarks too literally. Several witnesses testified that appellant sold or gave them drugs and that he trafficked drugs out of the residence. We do not believe that the jury would have interpreted those remarks to intend that appellant sold drugs to every person in Scioto County.
 {¶ 22} Finally, appellant cites numerous comments the prosecutor made regarding the prosecutor's role and the role of other law enforcement personnel in these proceedings. He argues that these comments are improper and suggested to the jury that none of them would have been involved in the matter if appellant were not guilty of something. Again, we disagree. The comments appellant cites are legitimate rebuttal. Further, even if they arguably crossed the line, we are not persuaded that they *Page 9 
deprived appellant of a fair trial and we certainly would not find them to constitute plain error. For these reasons, we find no merit in the second assignment of error and it is hereby overruled.
 {¶ 23} Accordingly, after finding no merit in appellant's assignments of error, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] White explained that her boyfriend, Benny Simpson, previously used the pistol to shoot at her, but threw it somewhere in the backyard when he left. Simpson then allegedly called White from jail and instructed her to retrieve the pistol. White did so and then hid it "under the tool shed" until appellant instructed her to retrieve it and bring it inside the house.
[2] Currently, the Ohio Supreme Court is considering this issue. SeeState v. Cabrales, Hamilton App. No. C-050682, 2007-Ohio-857, discretionary appeal accepted, 114 Ohio St.3d 1410, 2007-Ohio-2632,867 N.E.2d 844, 2007-Ohio-2632. *Page 1