[Cite as *State v. Beebe*, 2011-Ohio-681.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | |
|---|---|
| STATE OF OHIO, | : |
| | : |
| Plaintiff-Appellee, | : Case No. 10CA2 |
| | : |
| vs. | : **Released: February 11, 2011** |
| | : |
| CARL R. BEEBE, | : <u>DECISION AND JUDGMENT</u> |
| | : <u>ENTRY</u> |
| Defendant-Appellant. | : |

_____
APPEARANCES:

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Laina Fetherolf-Jordan, Hocking County Prosecutor, and William L. Archer, Jr., Hocking County Assistant Prosecutor, Logan, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} Appellant, Carl Beebe appeals his conviction in the Hocking County Court of Common Pleas after a jury found him guilty of murder with specifications, an unspecified felony in violation of R.C. 2903.02(A). On appeal, Appellant raises two assignments of error, contending that 1) the State failed to establish venue, rendering the jury's verdict contrary to law and against the manifest weight of the evidence and violating his right under the Ohio Constitution, Article I, Section 10; and 2) the prosecution argued facts not in evidence during the closing arguments which unfairly prejudiced

him.  Here Appellant challenges venue for the first time on appeal, and because there exists no plain error with regard to the establishment of venue below, Appellant's first assignment of error is overruled.  Further, we conclude Appellant did not receive ineffective assistance of counsel, and no plain error exists with regard to the prosecution's allegedly improper remarks, we overrule Appellant's second assignment of error.  Accordingly, the judgment of the trial court is affirmed.

## FACTS

{¶2} On February 26, 2007, Appellant was indicted on aggravated murder with specifications, an unspecified felony in violation of R.C. 2903.01(B), 2929.04(A)(7) and 2941.145; aggravated murder with specifications, an unspecified felony in violation of R.C. 2903.01(A), 2929.04(A)(7) and 2941.145; murder with specifications, an unspecified felony in violation of 2903.02(A) and 2941.145; aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(3); theft of drugs, a felony of the fourth degree in violation of R.C. 2913.02(A)(1) and 2913.02(B)(6); having weapons while under a disability, a felony of the third degree in violation of R.C. 2923.13(A)(2); perjury, a felony of the third degree in violation of R.C. 2921.11(A); and engaging in a pattern of corrupt activity, a felony of the first degree in violation of R.C. 2923.32(A)(1).

These charges stemmed from the discovery of missing person, Karl Roeder's, body, which was found buried on Appellant's property. Forensic testing on a bullet found in the body linked the .45 caliber bullet with a .45 caliber pistol traced to the ownership and possession of Appellant. The indictment alleged that Appellant had caused the death of the victim in Hocking County, Ohio.

{¶3} Appellant denied the charges and the matter proceeded to a jury trial beginning on February 17, 2010, and ending on February 24, 2010. The State presented nineteen witnesses at trial. Of importance to the case sub judice, Sergeant Kevin Groves, the lead detective on the case, testified on behalf of the State. He testified that he initially began working on the case as a missing person's report in 2006. He testified that upon searching the residence of the victim, he encountered Appellant and Appellant's mother, Genevieve Kelsey, who also lived on the same property.[1] He further testified that while he did not find blood or any evidence of foul play, upon investigating the location of the victim's vehicle, it was discovered that Appellant had apparently taken the victim's vehicle to a repair shop, after which point it was sold to another person. Sergeant Groves also testified he recovered a .45 caliber pistol from an individual named Tony Hill, who had

---

[1] Victim Karl Roeder rented an apartment from Appellant and his mother.

purchased the gun from an individual named Martin Welch.  Other evidence presented at trial demonstrated that Appellant knew Martin Welch and had requested that Welch remove that particular .45 pistol from Appellant's bedroom and sell it.[2]

{¶4} Sergeant Groves testified that upon linking the victim's vehicle and the gun purchased by Hill to Appellant, the investigation began to focus on the property owned by Appellant, and where the victim also lived.  The victim's body and a basket of clothing were eventually found buried on Appellant's property, in area that looked like the ground had recently been disturbed and where, based upon reports made to law enforcement, that Appellant had been doing some filling and grading work.

{¶5} Heather Williams, forensic scientist with the Ohio Bureau of Criminal Identification and Investigation firearm's section, also testified at trial.  She testified regarding her examination of the bullet recovered from the victim's leg and the ballistics report she generated during the course of the examination.  Ms. Williams testified that to a reasonable degree of scientific certainty, the bullet recovered from the victim's leg was fired by the .45 caliber pistol owned by Appellant.

---

[2] Sergeant Groves testified that this information was in line with jail phone calls between Appellant and Appellant's mother, which Sergeant Groves listened to as part of the investigation.

{¶6} At the close of evidence, the trial court granted Appellant's Crim. R. 29 motion for judgment of acquittal as the theft of drugs, the State dismissed the having weapons while under disability, perjury, and engaging in a pattern of corrupt activity charges, and the matter was submitted to the jury on the remaining issues. After three days of deliberation, the jury convicted Appellant of murder with specifications and found him not guilty of the other counts in the indictment. The trial court sentenced Appellant to a prison term of fifteen years to life, with an additional three years on the gun specification. It is from the conviction that Appellant brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.    THE STATE FAILED TO ESTABLISH VENUE, RENDERING THE JURY'S VERDICT CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND VIOLATING CARL BEEBE'S RIGHT UNDER THE OHIO CONSTITUTION, ARTICLE I, SECTION 10.

II.    THE PROSECUTION ARGUED FACTS NOT IN EVIDENCE DURING CLOSING ARGUMENTS WHICH UNFAIRLY PREJUDICED CARL BEEBE."

## ASSIGNMENT OF ERROR I

{¶7} In his first assignment of error, Appellant contends that the State failed to establish venue, rendering the jury's verdict contrary to law and against the manifest weight of the evidence and violating his right under the

Ohio Constitution, Article I, Section 10. Initially we note that Appellant challenges the State's establishment of venue for the first time on appeal.

{¶8} The essence of venue is that at least one element of the offense charged occurred within the county in which the defendant is tried. R.C. 2901.12(A). In all criminal prosecutions, venue is a fact that must be proven at trial unless waived. *State v. Beuke* (1988), 38 Ohio St.3d 29, 41, 526 N.E.2d 274. It is not necessary that the venue of a crime be proven in express terms if it is established beyond a reasonable doubt that the crime was committed in the county and state as alleged in the indictment. *State v. Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969, syllabus. Venue is not a material element of the offense charged because the elements of the offense and the venue of the matter are separate and distinct. *State v. Draggo* (1981), 65 Ohio St.2d 88, 90, 418 N.E.2d 1343.

{¶9} "The right to urge the error that the prosecution did not properly prove venue cannot be advanced for the first time in an appellate court." *State v. Elliott*, Ross App. No. 06CA2924, 2007-Ohio-2178 at ¶ 6; citing, *State v. Loucks* (1971), 28 Ohio App.2d 77, 78, 274 N.E.2d 773. "However, failure to prove venue is a defect affecting a substantial right and is subject to review under the plain error doctrine." *Elliott* at ¶ 6; citing *State v.*

*Woodson* (Feb. 11, 1998), Ross App. No. 97CA2306, 1998 WL 51606, at *
3.

{¶10} Notice of plain error under Crim.R. 52(B) is to be taken with
the utmost caution, under exceptional circumstances and only to prevent a
manifest miscarriage of justice. *State v. Phillips* (1995), 74 Ohio St.3d 72,
80, 1995-Ohio-171, 656 N.E.2d 643, citing *State v. Long* (1978), 53 Ohio
St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Under a plain
error analysis, reversal is warranted only when the outcome of the trial
clearly would have been different without the error. *Long*, supra, at
paragraph two of the syllabus.

{¶11} In the case sub judice, there was no error during the Appellant's
trial that clearly affected the outcome of the case. At trial, the State proved
that the body of the victim was located on Appellant's property, which is
located in Hocking County.  Appellant does not challenge this fact.  Instead,
Appellant contends that under Article I, Section 10 of the Ohio Constitution,
he was entitled to "a speedy public trial by an impartial jury of the county in
which the offense is alleged to have been committed."  Appellant argues that
R.C. 2901.12(J), upon which the State relies, and which provides for venue
in the county where the body was found if it cannot be determined where the
homicide was committed, is in conflict with the Ohio Constitution.

{¶12} In response to this argument advanced by Appellant, the State directs our attention to *State v. Tinch* (1992), 84 Ohio App.3d 111, 616 N.E.2d 529, wherein the Twelfth District Court of Appeals considered an identical argument. In *Tinch*, the court reasoned as follows when presented with the argument that R.C.2901.12(J) is in conflict with Section 10, Article I of the Ohio Constitution:

"We find no merit to appellant's contention that Section 10, Article I of the Ohio Constitution and R.C. 2901.12(J) conflict with each other. Section 10, Article I states the broad, general proposition that a defendant must be tried in the jurisdiction in which the offense is alleged to have occurred. To follow this constitutional provision under the facts present here, however, where an individual was murdered but there is no proof as to the locale where the offense was committed, would lead to an absurd, obviously unintended result. It is patently clear that R.C. 2109.12(J) was specifically enacted to rectify such an unwanted outcome. Thus, Section 10, Article I and R.C. 2901.12(J) do not conflict with each other; rather, the statute is a necessary exception to Section 10, Article I that becomes applicable only in the event it cannot reasonably be determined in which jurisdiction an offense involving the death of a person was committed." *Tinch* at 120.

{¶13} Based upon the reasoning of *Tinch*, which was decided upon facts sufficiently similar to the facts sub judice and in response to an argument identical to the one advanced by Appellant, we conclude that R.C. 2901.12(J) controls the issue of venue. Specifically, we find that the undisputed evidence that the victim's body was discovered in Hocking County was sufficient to establish venue beyond a reasonable doubt.

{¶14} Because we find, viewing the evidence in the light most favorable to the prosecution, that venue was properly established below, there was no error during Appellant's trial that clearly affected the outcome of the case. Accordingly, finding no plain error related to the establishment of venue below, we overrule the Appellant's first assignment of error and affirm the judgment of the trial court.

## ASSIGNMENT OF ERROR II

{¶15} In his second assignment of error, Appellant contends that the prosecution argued facts not in evidence during closing arguments which resulted in unfair prejudice. Initially, we note that our review of the transcript reveals that Appellant did not object to the allegedly improper comments that he now cites. Thus, Appellant has waived all but plain error. See *State v. McDougald*, Scioto App. No. 07CA3157, 2008-Ohio-1398, at ¶16; *State v. Tackett*, Scioto App. No. 06CA3103, 2007-Ohio-6620, at ¶ 28; *State v. Miller*, Washington App. No. 06CA11, 2007-Ohio-427, at ¶ 23. Thus, we consider this assigned error from a plain error perspective, being mindful of the standard of review already set forth above.

{¶16} Assuming, however, that waiver did not occur, Appellant has not persuaded us that the prosecution's remarks were improper. The standard for prosecutorial misconduct is whether a prosecutor's remarks are improper

and, if so, whether those remarks prejudicially affected an accused's substantial rights. *State v. Smith,* 87 Ohio St.3d 424, 442, 2000-Ohio-450, 721 N.E.2d 93; citing, *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. The touchstone of the analysis is fairness of the trial, rather than the prosecutor's culpability. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶ 226; *State v. Jackson*, 107 Ohio St.3d 300, 2006-Ohio-1, 839 N.E.2d 362, at ¶ 142.

{¶17} Courts should not deem a trial unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, at ¶ 181. Moreover, prosecutors are given wide latitude during closing arguments to advance their arguments and positions. See *State v. Phillips* at 90; *State v. Treesh*, 90 Ohio St.3d 460, 466, 2001-Ohio-4, 739 N.E.2d 749.

{¶18} Appellant contends that during the trial, he lodged an objection with regard to the State's mentioning of the fact that 117 guns were recovered from Appellant's property. The objection was resolved with both parties agreeing that the State could mention that there were "several" weapons, or "multiple" other weapons collected from Appellant's residence. The State claimed that it wanted to get such evidence into the record to make

the point that out of all of those weapons, Appellant only tried to dispose of the "murder weapon."

{¶19} However, during closing arguments, the prosecution referred to "hundreds" or "over a hundred" guns being recovered from Appellant's property. Appellant did not object to these statements during closing arguments and now claims these statements resulted in prejudicial error, and also that his counsel's failure to object to them resulted in ineffective assistance of counsel. We disagree.

{¶20} Here the State introduced forensic evidence indicating that the .45 caliber bullet recovered from the victim's body was linked with a .45 pistol that had been in Appellant's possession until after his arrest. Also, the record shows evidence the victim's body was found buried on Appellant's property in an area where Appellant had been observed to be doing filling and grading work. As such, we are not persuaded the outcome of this case would have been different if Appellant had objected to any of the prosecutor's allegedly improper remarks. We conclude the jury would have reached the same result had the statements not been made by the prosecutor, as the real issue was not the number of guns recovered, but rather than the one gun disposed of by Appellant could be linked with the bullet recovered from the victim's body.

**{¶21}** After considering the allegedly improper statements that Appellant contends Appellee made during closing argument, we are not persuaded that they deprived Appellant of a fair trial and we certainly would not find them to constitute plain error.  Based on the foregoing, we cannot conclude that Appellant received ineffective assistance of counsel as a result of his counsel's failure to object to the statements.

**{¶22}** For these reasons, we find no merit in Appellant's second assignment of error and it is hereby overruled.  Accordingly, we affirm the judgment of the trial court.

                                                                  **JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Judge Matthew W. McFarland

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**