DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from Meigs County Common Pleas Court judgments of conviction and sentence. A jury found Jason G. Quivey, defendant below and appellant herein, guilty of felonious assault in violation of R.C.2903.11(A).
 {¶ 2} The following errors are assigned for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT DEFENDANT'S MOTION FOR ACQUITTAL AFTER THE STATE FAILED TO OFFER ANY EVIDENCE AS TO VENUE BEFORE CLOSING ITS CASE."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT DEFENDANT A CONTINUANCE AFTER HE HAD FILED A NOTICE OF ALIBI WITH THE COURT AND IT BECAME APPARENT THAT THE STATE INTENDED TO OFFER PROOF OF ALLEGED CRIME OCCURRING ON A DATE DIFFERENT THAN THE DATE ALLEGED IN THE INDICTMENT."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED WHEN IT AFFIRMED THE VERDICT AFTER THE STATE FAILED TO ESTABLISH PROOF BEYOND A REASONABLE DOUBT AS TO EACH ELEMENT OF FELONIOUS ASSAULT."
FOURTH ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED WHEN IT MODIFIED, SUA SPONTE, THE DATE IN ITS INSTRUCTIONS TO THE JURY FROM DATE ALLEGED IN THE INDICTMENT."
 {¶ 3} On the evening of July 13, 2004, Todd Lee was watching television at his mother's home when he heard a commotion outside. He looked outside and observed a red pick-up truck stop next to his truck. After a beer can came from the truck window and struck his vehicle, the truck drove through the yard. Lee jumped in his truck and followed the red truck to a house several miles away. After Lee exited his vehicle and confronted the driver, the driver (appellant) attacked Lee and repeatedly punched him in the face.
 {¶ 4} Lee returned to his mother's residence and his mother, Virginia Lee, a licensed practical nurse, called authorities and then drove Lee to Holzer Medical Center. Lee's injuries were so extensive that he was transported by ambulance to the Ohio State University Medical Center in Columbus where he underwent surgery to repair numerous broken bones in his face.
 {¶ 5} On August 17, 2004, the Meigs County Grand Jury returned an indictment charging appellant with felonious assault in violation of R.C. 2903.11(A)(1). The indictment, however, erroneously alleged that the offense occurred on July 14th rather than the previous day. Appellant pled not guilty and filed a notice of alibi. He claimed that he was at the home of a friend, Josh Starcher, on the evening of the date alleged in the indictment.[1] On the day of trial appellant requested a continuance. Appellant cited the erroneous date included in the indictment and argued that he needed more time to prepare a defense. The trial court denied the motion and the trial began.
 {¶ 6} At trial Lee positively identified appellant as the assailant who attacked him on July 13th and he and his mother detailed the injuries that he received.[2] Appellant testified that he spent the evening of July 13th at home with his girlfriend Debbie Lee, Todd Lee's wife. Debbie Lee corroborated appellant's alibi. Josh Starcher testified that appellant was not at his residence that evening and that no attack had occurred in his driveway.[3]
 {¶ 7} The jury was apparently unswayed by the defense and returned a guilty verdict. At sentencing the trial court imposed an eight year prison term. This appeal followed.
 I {¶ 8} We jointly consider appellant's first and third assignments of error because they raise similar issues concerning the sufficiency of the evidence to establish the elements of the crime of felonious assault. Appellant contends that the prosecution failed to prove that (1) he perpetrated the assault, (2) the assault inflicted serious physical harm, and (3) the offense occurred in Meigs County. We find no merit in these arguments.
 {¶ 9} Our analysis begins with the well-settled premise that in a review for sufficiency, courts look to the adequacy of the evidence. In other words, an appellate court must determine whether the evidence, if believed, reasonably supports a finding of guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492;State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Thus, an appellate court's standard of review is whether, after viewing the evidence and all inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.Jenks, supra at 273; State v. Jones (2000), 90 Ohio St.3d 403, 417,739 N.E.2d 300, 315; State v. Dennis (1997), 79 Ohio St.3d 421, 430,683 N.E.2d 1096, 1105; also see Jackson v. Virginia (1979), 443 U.S. 307,319, 61 L.E.2d 560, 99 S.Ct. 2781. This standard also applies in determining whether a trial court correctly overruled a Crim.R. 29(A) motion for judgment of acquittal. See e.g. Jenks, supra at 273; State v.Carter (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965.[4]
 {¶ 10} Felonious assault occurs when one knowingly inflicts serious physical harm to another. R.C. 2903.11(A)(1). Lee testified that appellant attacked him on the evening of July 13, 2004. This is sufficient to prove that appellant was the perpetrator of the offense.
 {¶ 11} Appellant counters that the victim was the only witness for the prosecution, whereas he produced several witnesses who either placed him elsewhere that night or contradicted the view that the assault occurred in the Starcher driveway. We are not persuaded. There is no requirement in Ohio law, as appellant appears to suggest, that a victim's testimony be corroborated before it can be accepted as true by a trier of fact.State v. Artrip (May 28, 1998), Ross App. No. 97CA2325; State v. Miller
(Oct. 14, 1993), Meigs App. No. 92CA496. Issues of weight and credibility are left to the jury to determine as trier of fact. State v. Dye (1998),82 Ohio St.3d 323, 329, 695 N.E.2d 763; State v. Frazier (1995),73 Ohio St.3d 323, 339, 652 N.E.2d 1000; State v. Williams (1995),73 Ohio St.3d 153, 165, 652 N.E.2d 721. A jury is in the best position to view the witnesses and to observe their demeanor, gestures and voice inflections and to use those observations to weigh the credibility of testimony. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
 {¶ 12} Thus, a trier of fact is free to believe all, part or none of the testimony of each witness who appears before it. State v. Long
(1998), 127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v. Nichols
(1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Harriston
(1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144. In the instant case, the jury apparently found the victim's testimony more credible than that of the defense witnesses.
 {¶ 13} We find appellant's contention that the prosecution did not establish serious physical harm equally meritless. R.C. 2901.01(A)(5) defines "Serious physical harm" as including, inter alia, any of the following:
"(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 14} The uncontroverted evidence is that Lee underwent extensive surgery to repair his face. Lee's jaw was wired shut for eight weeks during which time he could only consume pureed food.[5] Lee also had titanium plates inserted into his head to hold his face together. Lee testified to the effect that the injuries, as well as the surgery and subsequent recuperation, were very painful. This is more than sufficient to establish serious physical harm.
 {¶ 15} The question of venue is more complicated. Unfortunately, the prosecution elicited no direct testimony to establish that the assault occurred in Meigs County.
 {¶ 16} Our analysis begins with the proposition that venue is a fact that must be proven in a criminal proceeding. State v. Headley (1983),6 Ohio St.3d 475, 477, 453 N.E.2d 716; State v. Draggo (1981),65 Ohio St.2d 88, 90, 418 N.E.2d 1343. Ideally, the prosecution will establish venue with direct evidence. Toledo v. Taberner (1989),61 Ohio App.3d 791, 793, 573 N.E.2d 1173. That does not always happen, however, as is demonstrated by this case. Accordingly, the Ohio Supreme Court has determined that venue need not be proven in express terms, but may be established by all the facts and circumstances in a case. See State v. Gribble (1970), 24 Ohio St.2d 85, 263 N.E.2d 904 at paragraph two of the syllabus; State v. Dickerson (1907), 77 Ohio St. 34,82 N.E. 969 at paragraph one of the syllabus. We conclude that this is what occurred in this particular proceeding.
 {¶ 17} Virginia Lee, Todd Lee's mother, testified that she lived in Chester, Ohio. Todd Lee testified that after he was assaulted, he drove "[a] mile and a half, two miles" to his mother's home. In light of the fact that Chester is well within Meigs County, and in view of the uncontroverted evidence that the assault occurred only a mile and a half to two miles from Chester, the jury could reasonably find that the assault occurred in Meigs County.
 {¶ 18} For these reasons, we find that the jury's verdict of guilt is supported by sufficient evidence. Consequently, appellant's first and third assignments of error are hereby overruled.
 II {¶ 19} In his second assignment of error appellant asserts that the trial court erred by not granting him a continuance once it became clear that the indictment contained the wrong date of the offense. Appellant maintains that once the mistake was discovered, additional time was required to prepare a defense.
 {¶ 20} We begin our review by noting that a decision whether to grant a continuance rests with the sound discretion of the trial court, Statev. Mason (1998), 82 Ohio St.3d 144, 155, 694 N.E.2d 932; State v.Claytor (1991), 61 Ohio St.3d 234, 241, 574 N.E.2d 472; State v. Unger
(1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, at the syllabus. That decision will not be reversed on appeal absent an abuse of discretion. State v.Vance, Athens App. No. 03CA27, 2004 — Ohio-5370, at ¶ 5; State v. Bomar
(Oct. 23, 2000), Scioto App. No. 00CA2703; State v. Meredith (Jun. 22, 2000), Lawrence App. No. 99CA2. We further note that an abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v.Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v. Moreland
(1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894; State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144. After our review of the case sub judice, we cannot conclude that the trial court's denial of a continuance was arbitrary, unreasonable or unconscionable.
 {¶ 21} Appellant correctly points out that if an indictment is amended, an accused is entitled to a "reasonable continuance" unless "it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect." Crim.R. 7(D). Considering the record as a whole, we believe appellant was neither misled nor prejudiced by the error in the indictment.
 {¶ 22} First, although the indictment erroneously asserted that the assault occurred on July 14th, the prosecution provided discovery to appellant more than one month prior to trial that contained the correct date. An incident report stated that the assault occurred on July 13th. This discrepancy in dates between the indictment and the incident report should have put appellant on notice that something was amiss insofar as the date of the offense was concerned.
 {¶ 23} Second, and most important, we are not persuaded that appellant suffered prejudice as a result of the indictment's error. Appellant testified at trial as to his whereabouts on July 13th and stated the he was at home with his girlfriend. His girlfriend, Debbie Lee, also corroborated his testimony. Furthermore, Josh Starcher testified that no assault occurred in his driveway on the evening of July 13th as the victim had claimed.
 {¶ 24} Moreover, appellant did not assert during the trial court proceeding, nor does he assert now on appeal, that other evidence existed that he wished to present, but could not do so because the trial court refused a continuance. We will not find an abuse of discretion based on speculative harm.
 {¶ 25} For these reasons, we find no merit in the second assignment of error and it is hereby overruled.
 III {¶ 26} Appellant asserts in his fourth assignment of error that the trial court erred by giving jury instructions with the July 13th date rather than the July 14th date. We disagree.
 {¶ 27} To begin, it does not appear that appellant objected to this instruction. Thus, appellant waived all but plain error. See State v.Coe, 153 Ohio App.3d 44, 790 N.E.2d 1222, 2003-Ohio-2732, at ¶ 32. An erroneous jury instruction does not constitute plain error under Crim.R. 52(B) unless it can be said that, but for the error, the outcome of the trial would clearly have been otherwise. State v. Cooperrider (1983),4 Ohio St.3d 226, 227, 448 N.E.2d 452; State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332, at the syllabus.
 {¶ 28} We cannot conclude that this case's outcome would have been different had the trial court first amended the indictment and then given the jury instruction. Had the indictment been formally amended, there would have been no error in the instruction. It is very unlikely that the guilty verdict would have changed if the indictment and the instruction had both reflected the same date for the offense. Furthermore, Crim.R. 7(D) allows a trial court to amend an indictment anytime during or after trial in order to conform to the evidence presented at trial, provided that no change is made in the identity or name of the crime charged. Here, the parties impliedly proceeded as if the indictment had been amended to reflect the correct date (July 13th). See, generally, Statev. McCurry (Nov. 14, 1997), Montgomery App. No. 16168, (Fain, concurring). We note that the amendment changed only the date on which the offense occurred, and only changed it by one day. The variance in the date of the offense did not charge a new or different offense, nor did it change the substance of the offense.
 {¶ 29} For these reasons, we find no error in giving jury instructions that conformed to evidence adduced at trial and appellant's fourth assignment of error is accordingly overruled.
 {¶ 30} Having considered all four errors assigned and argued by appellant in his brief, and finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only
Kline, J.: Concurs in Judgment Opinion
[1] It was Josh Starcher's home that Todd Lee claimed he encountered appellant the night that he was injured.
[2] Lee also revealed that he knew appellant prior to the attack because his wife, from whom he was separated for nine months, was apparently romantically involved with appellant.
[3] Starcher explained that he has a "100 pound Rottweiler" that sits in his driveway and would have alerted him to any commotion.
[4] Appellant's first assignment of error is directed toward the trial court's decision to overrule a Crim.R. 29(A) motion for acquittal he made at the conclusion of the State's case in chief. He argued below, and continues to argue in his first assignment of error, that insufficient evidence exists to prove venue in this case (i.e. that the crime was committed in Meigs County).
[5] Even after the wires were removed, Lee was unable to eat any food that required substantial chewing for approximately six months.