[Cite as *State v. Bennett*, 2011-Ohio-6679.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 10CA009917 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRANDON M. BENNETT | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 07CR074804 |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

MOORE, Judge.

{¶1} Appellant, Brandon Bennett, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On or about August 7, 2007, Jeffrey Wing was "hanging out" at the home of a friend, Robert "Steve" Tipton, along with appellant Brandon Bennett, a mutual acquaintance. Around midnight, Bennett and Wing were alone behind Tipton's garage when Bennett attacked Wing. Bennett hit Wing multiple times in his arms and chest demanding that he give Bennett his money. Wing testified that he gave Bennett the $20 he had on his person. Wing did not immediately tell the police because Bennett had warned him not to and because Wing thought no one would believe him because he was "slow." A few weeks later, Wing was robbed a second time by a man named Larry Woods. The next day, Wing reported both incidents to the police.

{¶3} Officer Terrance Folley, a police officer with the Elyria Police Department, interviewed Wing about the incident. Wing explained that Bennett punched him multiple times and demanded $20, but Wing could not remember the exact date on which the robbery occurred. Wing knew that the robbery took place a couple of paychecks ago, and after reviewing Wing's bi-weekly Tuesday paydays, August 7, 2007, was established as the time frame for the robbery.

{¶4} On November 14, 2007, Bennett was indicted on one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. On June 12, 2008, the State filed a supplemental indictment that charged Bennett with robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. On July 12, 2010, the first count was dismissed, Bennett waived his right to jury trial, and the case was tried to the court under count two of the supplemental indictment. At the close of its case, the State moved to amend the indictment to reflect that the offense occurred "[o]n or about the week of August 7, 2007" rather than "[o]n or about August 7, 2007." The motion was granted.

{¶5} On July 14, 2010, the trial court found Bennett guilty. On October 15, 2010, the court sentenced Bennett to thirty days in the Lorain County Correctional Facility, three years of community control, and ordered him to pay restitution in the amount of $50.

{¶6} Bennett timely filed a notice of appeal and raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

"WHETHER THE TRIAL COURT ERRED IN ALLOWING THE STATE TO AMEND THE INDICTMENT UNDER CRIMINAL RULE 7 TO REFLECT ESSENTIAL FACTS NOT IN THE INDICTMENT PRESENTED TO THE GRAND JURY."

{¶7} In his first assignment of error, Bennett argues that the trial court erred in allowing the State to amend the indictment. We do not agree.

{¶8} Amendment of indictments is governed by Crim.R. 7(D), which provides in part:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."

{¶9} At the close of the defense's case, the prosecutor moved to amend the indictment to conform to the evidence regarding the time the offense occurred. The original indictment stated that the robbery occurred "[o]n or about August 7, 2007." The court allowed the State to amend the indictment to include "[o]n or about the week of August 7, 2007." Bennett objected and noted that there was testimony from the victim that the incident had occurred a month prior. The court "acknowledge[d] that the State's main witness may have some deficiencies of intellect," but that the State may still be permitted to amend the indictment and the defense may still make arguments regarding the victim's credibility.

{¶10} On appeal, Bennett argues that the amendment violates Crim.R. 7(D) because it "changes the identity of the crime charged" because "the date of the crime was an essential fact of the original indictment, the amendment of which changed the identity of the crime."

{¶11} "[P]recise times and dates are not ordinarily essential elements of an offense[.]" *State v. Ritchie* (Apr. 2, 1997), 9th Dist. No. 95CA006211, citing *State v. Sellards* (1985), 17

Ohio St.3d 169, 171. Bennett was convicted of robbery in violation of R.C. 2911.02(A)(3) which provides: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." The Revised Code does not provide that the date of the offense is an essential element of the offense of robbery. The amendment merely changed the date of the offense. Amendments that change "only the date on which the offense occurred * * * [do] not charge a new or different offense, nor * * * change the substance of the offense." *State v. Quivey*, 4th Dist. No. 04CA8, 2005-Ohio-5540, at ¶28. See, also, *State v. Bevins*, 1st Dist. No. C-050481, 2006-Ohio-5455, at ¶33 ("The amendment added no new language to the indictment, nor did it add any additional elements that the state was required to prove.").

{¶12} In support of his argument, Bennett cites *State v. Vitale* (1994), 96 Ohio App.3d 695, for the proposition that the State should not have been permitted to amend the indictment to increase the time frame of dates in which the alleged offense occurred. However, in *Vitale*, the original indictment alleged a single theft that occurred on June 14, 1991. The trial court permitted the State to amend the indictment to increase the time period to June 14, 1991, through June 21, 1991, which could include a second crime. Id. at 699-700. The Eighth District reversed because the amendment presented "grave risk * * * that [the] defendant was convicted by the trial court of a felony on evidence that was never presented to the grand jury," specifically the second theft. Id.

{¶13} Here, Bennett was charged with only one crime, the robbery that occurred at Tipton's home. Amending the indictment to reasonably expand the time frame did not change the name or identity of the offense. As such, the trial court did not err in allowing the State to

amend the indictment to include "[o]n or about the week of August 7, 2007." Bennett's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"[BENNETT]'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶14} In his second assignment of error, Bennett argues that his conviction is against the manifest weight of the evidence. We do not agree.

{¶15} When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340. In making this determination, this Court is mindful that "[e]valuating the evidence and assessing credibility are primarily for the trier of fact." *State v. Shue* (1994), 97 Ohio App.3d 459, 466, citing *Ostendorf-Morris Co. v. Slyman* (1982), 6 Ohio App.3d 46, 47 and *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 154.

{¶16} Bennett argues that the trial court lost its way when it found him guilty of robbery because the victim's testimony "can only be described as vague and lacking credibility." Specifically, he references Wing's "mental deficiency." He further argues that there were inconsistencies in Wing's testimony. For instance, Wing testified that the incident occurred near a fire pit behind Tipton's garage, while Tipton's mother testified that there is no fire pit behind the garage. In addition, Tipton testified that Wing and Bennett were never at his house at the same time. Finally, he argues that the state failed to present "corroborating testimony."

**{¶17}** We have repeatedly stated that "the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. No. 25161, 2010-Ohio-3296, at ¶15. The trier of fact, here the trial court, "has the right to place considerable weight on the testimony of the victim." *State v. Felder* (July 29, 1992), 9th Dist. No. 91CA005230, at *1. The trial court here chose to believe the victim's testimony notwithstanding any minor inconsistencies in his testimony. We cannot say that the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Otten*, 33 Ohio App.3d at 340. Bennett's second assignment of error is overruled.

### III.

**{¶18}** Bennett's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

DAVID NEHR, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.