[Cite as *State v. Rosa*, 2016-Ohio-5282.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

MICHAEL ROSA

    Appellant

C.A. No.    15CA010866

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15CR091166

DECISION AND JOURNAL ENTRY

Dated: August 8, 2016

HENSAL, Judge.

{¶1}    Michael Rosa appeals his conviction for failing to register a change of address in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Rosa is a Tier III sex offender who was required to register his address every 90 days with the Lorain County Sheriff's Department. He was also required to provide 20-days advance notice of a change in his address.

{¶3}    In January 2015, Detective Jason Aschemeier received a tip that Mr. Rosa was not residing at the address where he had registered. For several years, Mr. Rosa had registered his address as 2225 East 35th Street in Lorain, including on December 10, 2014. According to the tip, Mr. Rosa was actually residing at 1775 East 31st Street. During his investigation, Detective Aschemeier learned that Mr. Rosa co-signed a lease for 1775 East 31st Street in November 2014. He also spoke to the owner of the house at 2225 East 35th Street, who told him that Mr. Rosa

had moved out on December 1, 2014.  Detectives stopped by 1775 East 31st Street on January 30, 2015, and saw a man who looked like Mr. Rosa inside, but the man did not answer the door.

{¶4}    The Grand Jury indicted Mr. Rosa for one count of tampering with records under Revised Code Section 2913.42(A)(1) for allegedly registering 2225 East 35th Street as his address after he moved out of it.  It also indicted him for one count of failure to register a change under Section 2950.05(F)(1) for allegedly changing his address "on or about December 01, 2014," without providing sufficient notice.  After Mr. Rosa testified at trial that he actually changed his address on January 30, 2015, the trial court allowed the State to amend the second count to allege that Mr. Rosa had moved from his registered address without providing sufficient notice between December 1, 2014, and January 30, 2015.  The jury found Mr. Rosa not guilty of the tampering offense but guilty of the failure-to-register-change-of-address offense.  The trial court sentenced him to three years imprisonment.  Mr. Rosa has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE'S AMENDMENT OF THE INDICTMENT FROM DECEMBER 1, 2014, TO "FROM DECEMBER 1, 2014 THROUGH JANUARY 31ST, 2015" (SIC) BECAUSE THIS AMENDED DATE INCLUDED ACTS THAT WERE NOT ANALYZED BY THE GRAND JURY WHEN FORMULATING THE INDICTMENT.

{¶5}    Mr. Rosa argues that the trial court incorrectly allowed the State to amend the indictment under Criminal Rule 7(D).  That rule provides:

The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.  If any amendment is made to the substance of the indictment * * * or to cure a variance between the indictment * * * and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion * * * unless it clearly appears from the whole proceedings that the defendant has not

been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial * * * with the same or another jury.

We review a trial court's decision to allow the amendment of an indictment for an abuse of discretion. *State v. Dudukovich*, 9th Dist. Lorain No. 05CA008729, 2006–Ohio–1309, ¶ 16.

{¶6}    According to Mr. Rosa, allowing the State to amend the dates in the indictment resulted in him being tried for acts that were not before the Grand Jury.  He argues that his case is similar to *State v. Vitale*, 96 Ohio App.3d 695 (8th Dist.1994).  In *Vitale*, Steven Vitale took his car to a repair shop after it was involved in an accident.  Mr. Vitale convinced the owner of the shop to perform the repairs for $1,000 less than the written estimate he received so that he could avoid paying his insurance deductible.  When the car was finished, the owner of the shop allowed Mr. Vitale to take the car even though he had not received payment from Mr. Vitale's insurance company yet.  He later learned that the insurance company sent the payment to Mr. Vitale, who did not pay him either.  A week after Mr. Vitale picked up the car, Mr. Vitale drove to the shop owner's house to complain that the repairs were not done correctly.  The shop owner initially allowed Mr. Vitale to leave in a loaner car, but Mr. Vitale reclaimed his car shortly thereafter.

{¶7}    After Mr. Vitale continued to refuse to pay for the repairs, the Grand Jury indicted him for committing a theft on the date he initially picked up his car from the shop.  At the conclusion of the State's case, the court allowed it to amend the indictment to allege that the theft offense occurred from that date through the date that Mr. Vitale brought the car to the shop owner's house.  The Eighth District explained that the State knew that the offense could also have occurred during the meeting at the shop owner's house, but presumably did not present that evidence to the grand jury.  *Id*. at 700.  It also noted that the bill of particulars that the State

provided to Mr. Vitale only indicated that the offense occurred on the date that Mr. Vitale picked the car up from the repair shop. *Id.* It concluded that the amendment of the indictment, therefore, changed the identity of the crime in contravention of Criminal Rule 7(D). *Id.* at 702.

{¶8} In *State v. Shafer*, 8th Dist. Cuyahoga No. 79758, 2002-Ohio-6632, the Eighth District explained that the problem with the amendment in *Vitale* was that it "amend[ed] the indictment to include a different potential theft occurring at a different address, over an expanded time period." *Id.* at ¶ 16. In this case, on the other hand, the amendment simply changed the date on which the single alleged offense occurred. According to Detective Aschemeier, the owner of 2225 East 35th Street said that Mr. Rosa moved out on December 1, 2014, which is the date identified in the indictment. At trial, however, the owner of the house testified that, when she spoke to the detective, she was not sure exactly what day Mr. Rosa moved out. She explained that she told the detective that it was December 1, 2014, because that is the day Mr. Rosa had previously told her that he was going to leave. She testified that she worked an opposite shift from Mr. Rosa so she did not see him much even when they were residing together. She also said that she was trying to keep her conversation with the detective as brief as possible. The detectives testified that they stopped by 1775 East 31st Street on January 30, 2015, and saw a man inside the house who looked like Mr. Rosa, which was consistent with what the owner of 2225 East 35th Street told them and the lease Mr. Rosa signed for 1775 East 31st Street.

{¶9} The amendment of the indictment in this case more closely resembles the one in *State v. Switzer*, 5th Dist. Richland No. 2008 CA 0069, 2009-Ohio-2666. In *Switzer*, Catherine Switzer allegedly gave bus tickets to a child who was facing adjudication as a delinquent child so that he could avoid the proceeding. The indictment originally alleged that she committed the

offense between July 1, 2007, and August 16, 2007. A day before the trial, the State amended the indictment to allege that the offense occurred between April 1, 2007, and August 16, 2007. The Fifth District explained that, unlike in *Vitale*, the only incident at issue was the one in which Ms. Switzer provided a bus ticket to the child. *Id*. at ¶ 71. It also explained that the only reason for the amendment was because the State later discovered that the child travelled earlier than it originally thought. *Id*.

{¶10} In this case, the failure-to-register-change-of-address offense concerned Mr. Rosa's move from 2225 East 35th Street. The amendment of the indictment did not change the name of the charge or the identity of the charge, it only widened the time frame during which the alleged offense occurred. *State v. Bennett*, 9th Dist. Lorain No. 10CA009917, 2011-Ohio-6679, ¶ 11 ("Amendments that change 'only the date on which the offense occurred * * * [do] not charge a new or different offense, nor * * * change the substance of the offense.'"), quoting *State v. Quivey*, 4th Dist. Meigs No. 04CA8, 2005–Ohio–5540, ¶ 28. The change was made to account for the possibility that the jury would find credible Mr. Rosa's testimony that, unbeknownst to the owner of 2225 East 35th Street and the detectives, he did not actually move out of 2225 East 35th Street until January 30, 2015. Upon review of the record, we conclude that Mr. Rosa has not established that he was misled or prejudiced by the amendment of the indictment. *Bennett* at ¶ 13; Crim.R. 7(D). We, therefore, cannot say that the trial court abused its discretion when it allowed the State to amend the indictment. Mr. Rosa's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

IT WAS ERROR FOR THE COURT TO DENY DEFENDANT'S MOTION FOR DISMISSAL UNDER CRIMINAL RULE 29.

{¶11} Mr. Rosa argues that the trial court incorrectly denied his motion for dismissal because the State presented no evidence that he was not living at 2225 East 35th Street on

December 1, 2014. He, therefore, argues that the court should have granted his motion at the end of the State's case and at the close of his case. He notes that he made both motions before the State moved to amend the indictment to include the broader time frame.

{¶12} Under Criminal Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶13} Revised Code Section 2950.05(A) provides that a registered sex offender is required to "provide written notice of any change of residence address[.]" It also provides that an offender "shall provide the written notice at least twenty days prior to changing the residence address[.]" Section 2950.05(F)(1) provides that "[n]o person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division."

{¶14} The owner of 2225 East 35th Street testified that she could not remember exactly when Mr. Rosa moved out of her home. Mr. Rosa originally told her that he hoped to be out by December 1, 2014, which is why she gave that date to Detective Aschemeier. She knew that he was working on renovating his new home, for which he had signed a lease in November 2014.

She believed, however, that it took him some time to get the work finished. Detective Aschemeier testified that the only notice of change of address that Mr. Rosa submitted even close to that time frame was in February 2015.

{¶15} The indictment alleged that Mr. Rosa changed his address "on or about" December 1, 2014, without providing adequate notice. "[O]n or about" means "[a]pproximately; at or around the time specified." *Black's Law Dictionary* 1122 (8th Ed.2004). We note that the Ohio Supreme Court has explained that precise dates are, ordinarily, not an essential element of an offense. *State v. Sellards*, 17 Ohio St.3d 169, 171 (1985). In addition, although she waivered during her own testimony, Detective Aschemeier testified that the owner of 2225 East Street told him that Mr. Rosa moved out of her home on December 1, 2014. Viewing the evidence in a light most favorable to the prosecution, we conclude that a rationale trier of fact could have reasonably inferred from the evidence that had been presented at the time Mr. Rosa moved for acquittal that he changed his address from 2225 East 35th Street on or about December 1, 2014, without providing the required 20-day notice. Mr. Rosa's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16} Mr. Rosa also argues that his conviction was against the manifest weight of the evidence. If a defendant asserts that his conviction is against the manifest weight of the evidence:

> [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

**{¶17}** Mr. Rosa argues that, although he signed a lease for 1775 East 31st Street, the evidence does not establish that he moved there. He notes that the owner of 1775 East 31st Street testified that the house was not ready to be moved into at the time Mr. Rosa and his girlfriend signed the lease for the house. He also notes that the detectives never performed a search of that house to see if he was actually living there. In addition, he contends that the person who originally provided the tip about his alleged change of address was his girlfriend's former spouse.

**{¶18}** Mr. Rosa testified that, although he spent a lot of time working on 1775 East 31st Street, he ended up not being able to move in with his girlfriend because the house was too close to a daycare. He did, however, move in with his mother in late January, "like January 30th." Mr. Rosa admitted that he did not provide notification that he was changing his address to his mother's house until February 2, 2015. Based on Mr. Rosa's testimony, we cannot say that the jury lost its way when it found that he changed his address without providing 20 days prior notice, as required under Section 2950.05. Mr. Rosa's third assignment of error is overruled.

III.

**{¶19}** Mr. Rosa's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.