[Cite as *State v. Shockey*, 2019-Ohio-2417.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29170 |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLARENCE SHOCKEY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2018-04-1259 |

DECISION AND JOURNAL ENTRY

Dated: June 19, 2019

TEODOSIO, Presiding Judge.

{¶1} Defendant-Appellant, Clarence Shockey, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} As a result of Mr. Shockey having a sexual relationship with his daughter, she gave birth to a child in December 2017. Summit County Children Services intervened once the child was born, and the police arrested Mr. Shockey shortly thereafter. A grand jury then indicted him on one count of sexual battery, in violation of R.C. 2907.03(A)(5).

{¶3} Mr. Shockey's indictment originally alleged that his offense had occurred at some point between May 1, 2017, and May 31, 2017, when his daughter would have been over the age of eighteen. The State later moved to amend the indictment, however, and the trial court granted its motion. The amended indictment alleged an earlier start date for the offense period, thereby

encompassing the time period when Mr. Shockey and his daughter had conceived their child. At that point in time, Mr. Shockey's daughter was only seventeen years old.

{¶4} A bench trial took place, at the conclusion of which the trial court found Mr. Shockey guilty of sexual battery. The court then sentenced him to five years in prison and classified him as a tier III sex offender/child victim offender.

{¶5} Mr. Shockey now appeals from his conviction and raises two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT COMMITTED PLAIN ERROR IN AMENDING THE INDICTMENT BY MOTION AND WITHOUT PRESENTATION TO THE GRAND JURY[.]

{¶6} In his first assignment of error, Mr. Shockey argues that the trial court committed plain error when it authorized the amendment to his indictment. He argues that the amendment was improper because it subjected him to substantially increased penalties and thereby altered the identity of his offense. Upon review, we do not agree with Mr. Shockey's argument.

{¶7} Mr. Shockey acknowledges that he is limited to a claim of plain error on appeal, having failed to object when the trial court granted the State's motion to amend his indictment. *See, e.g., State v. Guenther*, 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶ 49. Under Crim.R. 52, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error exists only where there is a deviation from a legal rule, that is obvious, and that affected the appellant's substantial rights to the extent that it affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Plain error is noticed "with the utmost caution, under exceptional circumstances and only to prevent a

manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶8} A trial court may allow an amendment to a defendant's indictment "at any time before, during, or after trial * * * provided no change is made in the name or identity of the crime charged * * *." Crim.R. 7(D). An amendment is impermissible if it "changes the penalty or degree of the charged offense[] because such a change alters the identity of the offense." *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, ¶ 1. Conversely, "[a]mendments that change 'only the date on which the offense occurred * * * [do] not charge a new or different offense, nor * * * change the substance of the offense.'" *State v. Bennett*, 9th Dist. Lorain No. 10CA009917, 2011-Ohio-6679, ¶ 11, quoting *State v. Quivey*, 4th Dist. Meigs No. 04CA8, 2005-Ohio-5540, ¶ 28. *Accord State v. Rosa*, 9th Dist. Lorain No. 15CA010866, 2016-Ohio-5282, ¶ 10.

{¶9} R.C. 2907.03(A)(5) prohibits a parent from engaging in sexual conduct with his or her own child. It is a strict liability offense, so neither the age of the victim, nor any claim that the conduct was consensual is relevant to the charge itself. *See State v. Mole*, 149 Ohio St.3d 215, 2016-Ohio-5124, ¶ 2; *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 14-15. Yet, those additional factors do bear upon a defendant's potential classification as a sex offender. *See* R.C. 2950.01(B). Sexual battery is a sexually oriented offense, *see* R.C. 2950.01(A)(1), so ordinarily, one who commits it will be classified as a tier III sex offender. R.C. 2950.01(B)(1) and 2950.01(G)(1)(a). A defendant is statutorily exempt from classification, however, if his sexually oriented offense involved consensual conduct with a victim who was at least eighteen and who "was not under [his] custodial authority * * *." R.C. 2950.01(B)(2)(a). In those instances, the defendant is not a "sex offender" subject to classification. *See id.*; *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 2.

{¶10} Mr. Shockey's original indictment alleged that his single count of sexual battery occurred sometime between May 1, 2017, and May 31, 2017, when the victim, his daughter, would have been eighteen years old. Citing a clerical error, the State moved to amend the indictment before trial because it did not encompass the time period during which Mr. Shockey and his daughter conceived a child. The amended indictment alleged that Mr. Shockey's single count of sexual battery occurred sometime between February 1, 2017, and May 31, 2017. That four-month span included the time period when the baby was conceived. At that point in time, Mr. Shockey's daughter was only seventeen years old.

{¶11} Mr. Shockey argues that the amendment to his indictment was improper because it changed the identity of his offense. He argues that the amendment subjected him to a new, substantial penalty in the form of a tier III sex offender classification. According to Mr. Shockey, but for the amendment, he would not have been subject to that classification because his daughter would have been eighteen years old for the duration of his offense period. He argues that the amendment was improper because it changed the penalty for his charged offense and thereby altered its identity.

{¶12} Upon review, we do not agree that the amendment to Mr. Shockey's indictment altered the identity of his offense. *See Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, at ¶ 1. To be certain, "[the Adam Walsh Act] imposes additional criminal punishment on those convicted of sexually oriented offenses." *Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, at ¶ 23. Mr. Shockey is incorrect, however, that he only became subject to its provisions and to a potential sex offender classification when the court amended his indictment. Sexual battery is a sexually oriented offense that generally results in a tier III classification. *See* R.C. 2950.01(A)(1), 2950.01(B)(1), and 2950.01(G)(1)(a). For the general rule not to apply, the victim must have

been at least eighteen years old *and* must have consented to the conduct *and* must not have been under the defendant's custodial authority. *See* R.C. 2950.01(B)(2)(a). Thus, even under his original indictment, the potential for Mr. Shockey to be classified as a tier III sex offender existed. For example, he would have been subject to that classification had the court found that he engaged in nonconsensual sexual conduct with his eighteen-year-old daughter. *See id.* Mr. Shockey has not shown that the amendment to the dates alleged in his indictment actually changed the potential penalty he faced if found guilty. *See Davis* at ¶ 1; *Bennett*, 2011-Ohio-6679, at ¶ 11, quoting *Quivey*, 2005-Ohio-5540, at ¶ 28. Accordingly, he has not shown that, but for the amendment, the result in this matter would have been different. *See Barnes*, 94 Ohio St.3d at 27. Upon review, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING MR. SHOCKEY AS A TIER III SEX OFFENDER.

{¶13} In his second assignment of error, Mr. Shockey argues that the trial court erred when it classified him as a tier III sex offender because the State failed to prove, beyond a reasonable doubt, that he was subject to that classification. He argues that the State never proved his daughter was a minor, as opposed to a consenting adult, at the time of his offense. According to Mr. Shockey, absent a finding as to when his offense actually occurred or the age of his daughter at that time, the court could not classify him as a tier III sexual offender.

{¶14} A trial court must classify a defendant as a sex offender and notify him of his concomitant duties to register at the time of sentencing. *See* R.C. 2950.03(A)(2). Yet, a defendant who has been convicted of sexual battery is not automatically subject to classification as a sex offender. *See* R.C. 2950.01(B)(2)(a). As noted, a defendant will be statutorily exempt from classification in certain instances. *See id.* To warrant the classification, the State must

prove either that the victim was underage, that the sexual conduct was nonconsensual, or that the defendant had custodial authority over the victim. *See id.*; *Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, at ¶ 17-18.

{¶15} Before the enactment of the Adam Walsh Act, the Supreme Court held that sex offender classifications were to be reviewed under a civil manifest weight standard and affirmed if supported by competent, credible evidence. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus. The Court later recognized, however, that Adam Walsh represented a shift in the law, replacing the formerly remedial statutory scheme with a punitive one. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 10-22. Moreover, post-*Wilson*, the Court clarified that "neither the constitution nor statutes nor rules of procedure treat civil cases differently from criminal cases with regard to appellate review on the issues of sufficiency and manifest weight." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. Given the foregoing, this Court will assume for purposes of its analysis that the criminal sufficiency of the evidence standard applies when a defendant challenges the State's evidence in support of his sex offender classification.[1] *See State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶16} Upon review, we reject Mr. Shockey's argument that the State failed to set forth sufficient evidence in support of his tier III classification. Mr. Shockey's daughter testified that Mr. Shockey began having sexual intercourse with her when she was sixteen years old. At eighteen years of age, she gave birth to his child. She testified that the baby was conceived when

---

[1] Although Mr. Shockey references the plain error standard in his captioned assignment of error, his failure to challenge the sufficiency of the State's evidence below did not result in a forfeiture of that issue on appeal. *See, e.g., State v. Good*, 9th Dist. Wayne Nos. 10CA0056 & 10CA0057, 2011-Ohio-5077, ¶ 26.

she was about seventeen and a half years old. Moreover, she repeatedly denied any suggestion that the sexual conduct between her and her father was consensual or that she initiated it. The State, therefore, set forth evidence from which the trial court could have concluded that Mr. Shockey engaged in nonconsensual sexual conduct with his daughter. *See Thompkins* at 386. It also set forth evidence from which the court could have concluded that the conduct occurred when she was a minor. *See id.*

{¶17} To the extent Mr. Shockey argues that the trial court was required to make a specific finding as to the date on which he committed his offense, he has not set forth any authority in support of his argument. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Because the court classified Mr. Shockey as a tier III offender, we presume that it found either (1) that he committed his offense when his daughter was a minor, or (2) that, regardless of when he committed his offense, he did so in the absence of his daughter's consent. *See Raber* at ¶ 19 (presuming regularity where record silent as to trial court's rationale for not classifying the defendant as a sex offender). The State set forth evidence to support both findings during Mr. Shockey's trial, and there is no indication in the record that the court refused or otherwise failed to make the requisite finding. *Compare State v. Metzger*, 11th Dist. Portage No. 2010-P-0077, 2011-Ohio-3749, ¶ 24, ¶ 27; *State v. Battistelli*, 9th Dist. Lorain No. 09CA009536, 2009-Ohio-4796, ¶ 1-3, ¶16. Absent any authority from Mr. Shockey in support of his assertion that the court erred by not issuing specific findings, this Court rejects his argument. *See* App.R. 16(A)(7); *Cardone* at *8. Mr. Shockey's second assignment of error is overruled.

III.

**{¶18}**  Mr. Shockey's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CONCURS IN JUDGMENT ONLY.

HENSAL, J.
CONCURS.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.